BENJAMIN F. MOREHOUSE, APPELLEE AND CROSS-APPELLANT, v. ELKHORN RIVER DRAINAGE DISTRICT, APPELLANT; RUDOLPH B. SCHNEIDER ET AL., APPELLEES.

FILED NOVEMBER 28, 1911. No. 17,191.

Drains: ASSESSMENT: SALES: SCHOOL LANDS: RIGHTS OF STATE. School lands that have been sold by the state under contract are properly included in a drainage district, and are assessable for benefit therein. If such lands are sold for such special assessments, section 223, ch. 77, art. I, Comp. St. 1911, applies, and only the interest of the original purchaser from the state or his

assigns can be sold; the rights of the state in the land will not be affected by such sale.

APPEAL from the district court for Dodge county: CONRAD HOLLENBECK, JUDGE. *Reversed.*

*Courtright & Sidner,* for appellant.

*Grant G. Martin, Attorney General, J. W. Graham, F. Dolezal* and *Nye F. Morehouse, contra.*

SEDGWICK, J.

This plaintiff purchased from the state a tract of school land, and has made some improvements thereon. The land is now worth $65 an acre, and the state has not been paid therefor in full. The payments hereafter to be made to the state amount to $20 an acre. This land has been included in the defendant drainage district. The proper officers of the district made an apportionment of benefits against the land amounting to $1,016.60. The plaintiff began this action to enjoin the defendant from proceeding further to make this apportionment a charge against the land. The state afterwards became a party, and joined with the plaintiff in contesting the right of the defendant to proceed further in the matter of the assessment. The district court held that the land was not assessable for benefits, and that the plaintiff had no such interest in the controversy as to enable him to maintain the action, and assessed costs against plaintiff. The plaintiff and the defendant drainage district have appealed.

1. It is contended that the school lands of the state are not assessable by drainage districts. By section 3, art. VIII of the constitution, "The proceeds of all lands that have been, or may hereafter be, granted to this state, where, by the terms and conditions of such grant, the same are not to be otherwise appropriated," are declared to be "perpetual funds for common school

purposes of which the annual interest or income only can be appropriated." Section 9 of the same article provides: "All funds belonging to the state for educational purposes, the interest and income whereof only are to be used, shall be deemed trust funds held by the state, and the state shall supply all losses thereof, that may in any manner accrue, so that the same shall remain forever inviolate and undiminished." It seems at least doubtful that the interest of the state in school lands can be divested for such purposes without the consent of the state, acting through its legislature, even if the state could so consent under the provision of the constitution. We do not think that this question is involved in this case. .It was suggested in *Von Steen v. City of Beatrice,* 36 Neb. 421, that section 13 (Comp. St. 1891, ch. 77, art. I, sec. 2) of our revenue law (Comp. St. 1911, ch. 77, art. I, sec. 13), exempting the property of the state from taxation, might be intended to apply to and include assessments for public improvements. It is said that the authorities construing similar provisions are conflicting, and it was not found necessary to decide the point. There seems to be much more reason to so construe sections 34 and 223, ch. 77, art. I, Comp. St. 1911, which are as follows: Section 34: "School lands sold under the provisions of any law of this state, or such as have been heretofore sold, shall not be taxable until the right to a deed shall have become absolute, but the value of the interest of such purchaser shall be taxable, which interest shall be determined by the value of the land and improvements, less the amount due the state." Section 223: "Whenever any school or university land bought on credit is sold for taxes, the purchaser at such tax sale shall acquire only the interest of the original purchaser in such land, and no sale of such lands for taxes shall prejudice the rights of the state therein, or preclude the recovery of the purchase money or interest due thereon; and in all cases where the real estate is mortgaged or otherwise encumbered to the school or uni-

versity fund, the interest of the person who holds the fee shall alone be sold for taxes and in no case shall the lien or interest of the state be affected by any sale of such encumbered real estate made for taxes."

These sections are definite, and apparently justly dispose of this whole matter. The interest of this plaintiff in this land is $45 an acre. It is a real estate interest under the contract which he holds with the state. *Mauzy v. Hinrichs*, 89 Neb. 280. His interest in the land has been benefited by this drainage in at least the amount apportioned to it. If this assessment is not paid, and the land is sold pursuant to the statute above quoted, the rights of the state will not be affected thereby. They will be amply protected. Section 34, ch. 74, laws 1883, provided that school lands that had been sold under the provisions of that act should not be taxable until the right to a deed had become absolute, "except for the value of the interest of such purchasers." In the act of 1899 (laws 1899) ch. 69, sec. 13, a proviso is added to this section, making such lands, when situated within any city or village and subdivided into lots, subject to special assessments, "except that a sale of such school lots to collect such assesment or asessments shall only pass the interest or title of the purchaser from the state." This section was afterwards amended, so as to apply also to saline lands. Comp. St. 1911, ch. 80, sec. 13. Section 35 of the revenue act (Comp. St. 1911, ch. 77, art. I) provides that improvements on leased public lands shall be assessed as personal property. Section 13, ch. 80, *supra*, declares that "the value of the interest of such purchaser shall be taxable." This is a part of the act relating to school lands and funds; it is not a provision for raising revenue, and there would seem to be no reason for restricting its application to taxation for general revenue, unless such construction is made necessary by the proviso. This proviso allows the sale of city or village lots, but such sale shall only pass the title of the purchaser from the state. None of the statutes above referred to is mentioned in this

proviso. They all exist together and must be construed together. So construing them, we think that section 223, art. I, ch. 77, Comp. St. 1911, applies in this case. The benefits were properly apportioned to this land, and if a sale is necessary to collect the assessment the purchaser at such sale will acquire only the interest of the original purchaser and his assigns, and such sale will not prejudice the rights of the state therein. If the conditions were different, and it was found by the legislature that the interest of the state was substantially benefited, it is to be presumed that the state would not be willing to accept such benefits without sharing in the burden, and that, if necessary, an appropriation would be made by the legislature for that purpose.

2. Questions of estoppel and other questions are raised and discussed in the brief, but if we are correct in the above reasoning it disposes of the case, and the judgment of the district court is reversed and the cause remanded for further proceedings.

REVERSED.